# COURT OF CHANCERY
## OF THE
## STATE OF DELAWARE

JOSEPH R. SLIGHTS III
VICE CHANCELLOR

417 S. State Street
Dover, Delaware 19901
Telephone: (302) 739-4397
Facsimile: (302) 739-6179

October 6, 2021

Donald L. Gouge, Jr., Esquire
Donald L. Gouge, Jr., LLC
800 North King Street, Suite 303
Wilmington, DE 19801

William L. O'Day, Esquire
Woloshin, Lynch & Associates, P.A.
3200 Concord Pike
Wilmington, DE 19803

Re: *Kory Dyer, et al. v. Janina M. Servino, et al.*
C.A. No. 2020-0062-JRS

Dear Counsel:

I have reviewed Petitioners' Motion for Status Quo Restoration (the "Motion") (D.I. 26). For reasons explained briefly below, the Motion must be denied.

In the Motion, Petitioners seek an order of the Court requiring Respondents to remove a "barricade erected on the jug-handle portion of the asphalt easement road during the pendency of this [litigation]." (D.I. 26, Proposed Order). Respondents oppose the Motion. (D.I. 28).

The Court has not entered a status quo order in this case. Thus, Respondents have not violated an order of the Court by erecting the barricade that Petitioners would have the Court order Respondents to remove. Consequently, the Court cannot compel Respondents to act against their will based on notions of contempt.

In the absence of a citation of civil contempt with associated coercive sanctions,[1] the remedy Petitioners seek is tantamount to mandatory injunctive relief.[2] That is true even if the Respondents' actions which prompt the request for injunctive relief have altered the status quo that existed when the litigation was commenced. The purpose of a "status quo order" is "to preserve the status quo" during the pendency of litigation by *preventing* parties from taking actions that will disrupt the status quo.[3] What Petitioners seek here, however, is an order altering the present

---

[1] *See Aveta, Inc. v. Bengoa*, 986 A.2d 1166, 1181 (Del. Ch. 2009) (explaining that the court may enter an order compelling a party to comply with a court order upon a finding of civil contempt).

[2] *See C&J Energy Servs., Inc. v. City of Miami Gen. Emps' & Sanitation Ret. Tr.*, 107 A.3d 1049, 1071 (Del. 2014) (explaining that an order "requiring a party to take affirmative action" is a mandatory injunction).

[3] *R&R Cap. LLC v. Buck & Doe Run Valley Farms, LLC*, 2013 WL 1008593, at *8 n.74 (Del. Ch. Mar. 15, 2013).

status quo to return the state of affairs to a prior status quo.  That is mandatory injunctive relief in that the return to the status quo requires the Court to compel a party to do that which he does not wish to do.[4]

"To issue a mandatory injunction requiring a party to take affirmative action—such as to [remove a barricade]—the Court of Chancery must either hold a trial and make findings of fact, or base an injunction solely on undisputed facts."[5] The Court has yet to convene a trial, and the facts underlying the Motion are anything but "undisputed."  The Motion, therefore, must be denied.

The parties have been at each other in this litigation for long enough.  Counsel shall submit a proposed scheduling order that provides for a brief period to complete discovery followed by event deadlines leading up to a prompt trial.[6]

---

[4] *C&J Energy Servs., Inc.*, 107 A.3d at 1071.

[5] *Id.*

[6] Counsel shall contact my judicial assistant, Ms. Pusey, for available trial dates and work backwards from there.  The event deadlines leading to trial shall include a deadline for sequential pretrial briefs, the filing of a pretrial stipulation and order and a pretrial conference.

*Kory Dyer, et al. v. Janina M. Servino, et al.*
C.A. No. 2020-0062-JRS
October 6, 2021
Page 4

The hearing scheduled on the Motion for October 11, 2021, at 11:00 a.m.

is cancelled.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ Joseph R. Slights III*

JRSIII/cap
cc:    Chancery Court Reporters
       Register in Chancery